**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DOMINICK MARTIN, an individual, and       :
JOHN PANARESE, an individual,             :
                                          :      No. 1:22-cv-10438
            Plaintiffs,                    :
                                          :
                                          :      **DEFENDANT'S REPLY IN**
      v.                                   :      **SUPPORT OF RULE 12(B)(1)**
                                          :      **MOTION TO DISMISS**
SECOND STORY PROMOTIONS, INC.,             :      **COMPLAINT**
                                          :
            Defendant.                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOW COMES Defendant, Second Story Promotions, Inc., by and through its attorneys, and hereby files its Reply in Support of its Motion to Dismiss Plaintiffs Dominick Martin & John Panarese's Complaint, pursuant to the Federal Rules of Civil Procedure ("FRCP") 12(b)(1) for lack of standing (the "Motion"). For the reasons set forth below, the Motion is due to be granted.

### INTRODUCTION

In their Memorandum of Law in Support of Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss Complaint (the "Response"), Dominick Martin ("Martin") and John Panarese ("Panarese") (together, "Plaintiffs") set forth several straw man arguments to create questions of fact that are either immaterial to Defendant's website www.secondstorypromotions.com ("Website") or are flatly incorrect. Crucially, Plaintiffs stood by their original Complaint wherein they fail to allege *any product* that Plaintiffs were interested in purchasing from Defendant. That alone is a reason to find that Plaintiffs' Complaint fails to plead adequate standing for them to move forward with this lawsuit. Furthermore, Plaintiffs fail to adequately allege an intent to return to the Website in the future – a critical issue that was pointed out to them weeks ago in Defendant's pre-motion conference letter. Moreover, Plaintiffs do not allege in the Complaint or via their Declarations (none of which are from either Plaintiff) in the

Response they could not find Defendant's contact information, make a purchase of a product on the Website, or that they even attempted to but could not make a purchase on the Website.

Plaintiffs further do not allege in the Complaint that they have any real reason to be navigating this Website, and based on the allegations on what they believe is wrong with the Website, shows they has no viable reasons to go back to the Website in the future.

## ARGUMENT

### A.    Plaintiffs' Response Fails to Save Their Argument That They Have Standing

It is illogical that Plaintiffs would return to the Website unless they had a specific reason to do so (i.e. ordering promotional items that Defendant sells). Plaintiffs should be held to pleading a plausible reason that they had to visit the website again (to purchase promotional products) or that they actually use or sell promotional items sold by Defendant. *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 148 (2d Cir. 2011) ("[F]or [a plaintiff] to have standing to sue, its alleged injury in fact must be plausible."). The Second Circuit has held that "assessing plausibility is 'a context-specific task that requires the reviewing court to draw to its judicial experience and common sense'." *Calcano v. Swarovski North America Limited*, 36 F4th 68, 75 (2nd Cir. 2022). Here, Plaintiffs utterly fail to provide any details as to what products they attempted to purchase or wanted to purchase during their visits to the Website. This is reason enough to dismiss the Complaint.

Indeed, Plaintiffs' only rebuttal as to why *Jaquez v. Aqua Carpatica USA, Inc.* 20 CV 8487 (ALC), 2021 WL 3727094 (S.D.N.Y. Aug. 20, 2021) and *Guglielmo v. Nebraska Furniture Mart, Inc.* No. 19 Civ. 11197 (KPF), 2020 WL 7480619 (S.D.N.Y. Dec. 18, 2020) are inapplicable seems to rest upon their disagreement with Judge Carter or Judge Failla's analysis and the interplay of the cases with *Twombly* and Rule 9(b). Unfortunately for Plaintiffs, that

does not change that *Jaquez* and *Guglielmo* are exactly on point in the instant matter. Indeed, Judge Carter found "[i]t is not sufficient to claim that [Jaquez] suffered an injury in fact by casually going to the website with the intent of browsing and potentially purchasing a product without identifying the product that he was prevented from purchasing." *Jaquez,* 2021 WL 3727094, at *6; *see also id.* citing *Guglielmo*, at 2020 WL 7480619, at *11 (same). Likewise, in the instant matter, the Complaint and Declaration from Plaintiff's expert lacks any allegations as to what products Plaintiffs (or their expert) were prevented from purchasing. Rather, the declaration of Plaintiffs' expert states:

> "[o]n February 23, 2023, [Plaintiffs' exert] conducted an initial review of the webpages of the website . . . to determine its accessibility to blind or other visually impaired persons. Based on such initial review, [Plaintiffs' expert] determined that such Website contains fixable communication barriers affecting the use of such Website by blind or other visually impaired persons, which prevent the use of such Website independently by blind or other visually impaired persons." (See Ex. 4 to Response).

Indeed, even Plaintiffs' expert's threadbare declaration does not even indicate *any product* that he actually investigated on the Website. (*Id.*). As to the Complaint itself, Plaintiffs specifically allege in their Complaint that the "main reason" they went on the Website was "to purchase certain goods and/or services" and likewise do not plead any facts whatsoever as to what items they were prevented from purchasing. (Complaint, ¶¶ 4-6). Plaintiffs also allege that they "still intend to purchase certain" unidentified "goods and/or services from Defendant's website in the future, but currently cannot." (Complaint, ¶6). This fails to adequately allege standing, and this Court has previously held that it need not credit "a legal conclusion couched as a factual allegation" *Calcano*, 36 F4th at 75.

Plaintiffs also cannot overcome that *Calcano* is also on point and fatal to Plaintiffs' having standing. In *Calcano*, the plaintiff pled that he had been "a customer at defendant's location on

prior occasions" and that he "intends to immediately purchase at least one store gift card from the defendant as soon as the defendant sells store gift cards that are accessible to the blind." *Calcano*, 36 F.4th at 76. In granting defendant's motion to dismiss for lack of standing, the Court opined that "plaintiffs' assertions of . . . prior visits are vague, lacking in support, and do not plausibly establish that plaintiffs 'intended to return to the subject location.'" *Id.*; *see also Dominguez v. Pizza Hut of America, LLC*, 19-cv-10175, 2020 WL 3639977, at *3 (S.D.N.Y. July 6, 2020) (plaintiff "merely asserts, in conclusory fashion that [she] intends to immediately purchase at least one store gift card from the Defendant as soon as Defendant sells store gift cards that are accessible to the blind[.]").

Here, try as they might, Plaintiffs cannot surmount the standard set by *Calcano* based upon their vague allegations of their intent to return. Plaintiffs vaguely plead that they are "highly interested in purchasing the products offered by Defendant and they "**intend to return** to the website in order to transact business there as soon as the accessibility barriers are cured." (Complaint, ¶¶27, 30) (emphasis added). Plaintiffs' allegations are nearly identical to that of *Calcano*. Indeed, this issue was pointed out to Plaintiffs in Defendant's pre-motion conference request but Plaintiffs failed to seek leave to amend the Complaint. Indeed, Plaintiffs (and their expert for that matter) have not pled an injury with sufficient clarity as they have failed to allege what product they tried to purchase but could not, and Plaintiffs have not alleged a future concrete plan to revisit the Website. Defendant would also like to note that a major basis for Plaintiffs' contention that *Calcano* is not on point is that "*Calcano* did not purport to involve testers." (Response, pg. 16). This makes no sense considering that the Court in *Calcano* explained in determining that plaintiffs did not suffer a "concrete and particularized" injury that "we cannot ignore the broader context of Plaintiffs' transparent cut-and-paste and fill-in-the-blank pleadings.

The four Plaintiffs before us filed eighty-one of over 200 essentially carbon-copy complaints between October and December 2019." *Calcano*, 36 F4th at 77. The *Calcano* plaintiffs, like the Plaintiffs here, were testers. This only strengthens Defendant's position that *Calcano* is on point.

Relatedly, Plaintiffs' reliance of their self-identified tester status does not help their standing argument. To begin with, being a tester is not enough in the Second Circuit to establish standing and an "immediate threat of harm". *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 442 (2d Cir. 2022). As outlined in *Harty*, assuming a plaintiff was deprived of information required to make meaningful choices for travel [or in this instance purchasing a product], and arguing that this constitutes an "informational injury" that gives him standing, a plaintiff must show "downstream consequences from failing to receive the required information" in order to have an Article III injury in fact. *Harty*, 28 F.4th at 444. In other words, *Harty* opines that Plaintiffs must show that they have an "interest in using the information ... beyond bringing [their] lawsuit." *Id.*

However, relying upon non-binding Fourth, Eighth, and Ninth Circuit caselaw, Plaintiffs urge this Court that they have suffered a "concrete injury" on the basis that Plaintiffs suffered a "dignitary harm" or otherwise an informational injury. (Response, pg. 3-4). Plaintiffs fail to recognize that the Second Circuit, in discussing Plaintiffs' relied upon case law, opined that "each of these Circuit courts relied upon *Spokeo*'s requirement that a plaintiff claiming an injury derived from a statutory violation link that violation to a 'concrete and particularized' harm beyond a 'bare procedural violation.'" *Laufer v. Dove Hess Holdings, LLC*, 20-cv-00379, 2020 WL 7974268, at *11 (N.D.N.Y. Nov. 18, 2020). Here, Plaintiffs have only alleged "information injury" and that they are testers, which is not enough to confer Article III standing. Also, Plaintiffs alleges no "downstream" consequences from failing to receive the information they claim they are searching

for on the Website, or why they even wanted to purchase promotional products on Defendant's Website. Plaintiffs' "dignitary harm," without more is insufficient to establish standing.

Plaintiffs further cite to Defendant's Website in the Response saying, "the website sells/offers promotional products and related products for purchase," (Response, pg. 14). However, Plaintiffs have made zero allegations in their Complaint that they are in need of promotional items, are interested in purchasing promotional items, or what specific items they tried to purchase but could not. Again, without pleading these allegations there is no reasonable likelihood for Plaintiffs to patron Defendant's Website in the future.

Because Plaintiffs have not pled an injury with sufficient clarity, and because they have not alleged any logical future concrete plan to revisit the website, Plaintiffs lack standing to bring a claim under the ADA and their Complaint should be dismissed.

**B.    Plaintiffs' Failure to Try to Contact Defendant Should Be Enough to Dismiss This Claim Based on Standing**

Plaintiffs do not dispute in their Complaint or expert's Declaration that they could not find the Defendant's contact information. This case is about Plaintiffs wishing to buy "products, goods and/or services" from Defendant. (Complaint, ¶¶4-5). Again, it is only logical that Plaintiffs would have tried to call or email customer service if they really wanted to be a patron of Defendant. The website specifically states:

> "If you have difficulty using or accessing any element of this website, please feel free to call us at 866.519.8400 or email us at sales@secondstorypromotions.com. We will work with you to provide the information, item or transaction you seek through a communication method that is accessible for you consistent with applicable law (for example, through telephone support)."
> (See Motion, at pg. 13).

Plaintiffs' primary argument against Defendant's auxiliary methods of communication is that doing so would violate the "privacy and independence" of Plaintiffs. Plaintiffs cite only to

the statute and non-controlling Ninth Circuit precedent to support their position.  (Response, pg. 17-18).  Plaintiffs claim that "it is surely beyond dispute that Plaintiffs' privacy surely would have been in jeopardy as well via such communications" but does not explain *how* that would be the case, nor do they cite any controlling Second Circuit case law establishing that communicating via these auxiliary aids would violate the privacy and independence of Plaintiffs.  Contrarily, as evidenced by Mr. Kingett's review of the Website, there is no dispute that Defendant's contact information located both on the homepage and via the Accessibility Statement is fully accessible. Furthermore, whether or not Plaintiffs preferred to use these alternative methods of communication is of no consequence so long as the alternative methods are effective.  *Dominguez v. Athleta, LLC*, 19-cv-10168 (GBD), at *5 2021 WL 918314 (S.D.N.Y. Mar. 10, 2021).

Importantly, Plaintiffs have the burden to prove standing.  Further, "no presumption of truthfulness attaches to the complaint's jurisdictional allegations," and "the burden is on the plaintiff to satisfy the Court as fact-finder of the jurisdictional facts." *Greater New York Hosp. Ass'n v. United States*, 98 CIV. 2741 (RLC), 1999 WL 1021561, at *4 (S.D.N.Y. Nov. 9, 1999).

Since Plaintiffs have not pled they tried the customer service line or email address prior (or since the lawsuit was filed), they have not properly pled standing due to their alleged "dignitary harm" as they does not know what type of information they would have been provided. "It would be absurd to read the ADA as requiring that a public accommodation offer every single customer the help of all available auxiliary aids and services before the customer asks for one."  *Dominguez v. Banana Republic*, LLC, 1:19-CV-10171-GHW, 2020 WL 1950496, at *11 (S.D.N.Y. Apr. 23, 2020).

Defendant disputes that the analysis in the case *Castillo v. John Gore Org., Inc.*, 19-CV-388 (ARR) (PK), 2019 WL 6033088, at *5 (E.D.N.Y. Nov. 14, 2019) is inapposite to the

allegations/facts in this matter. Defendant disputes that Plaintiffs have pled "any barrier of access" based on having to reach out to Defendant's customer service. In *Castillo*, the Court reasoned that plaintiff needed to reach out to the defendant to determine if there was a barrier of access for her to go to the Playhouse. Here, Plaintiffs should have to reach out to Defendant's customer service to determine if there is really a "barrier of access" to gaining the information they were seeking. Wherefore, this suit should be dismissed based on Article III standing.

### C.    The Case Is Moot

Plaintiffs' Response argues that the case is not moot and attaches a Declaration from their expert as support in thereof. Plaintiffs cites to *Hecht v. Magnanni, Inc.*, 20-cv-05316, 2022 WL 974449 (S.D.N.Y. Mar. 31, 2022) as a case that is "directly on point" on the basis that Plaintiffs provided their own expert report which concludes that Plaintiffs' expert encountered barriers on the Website. As an initial matter, *Hecht* is not directly on point considering that in the instant matter Defendant proffers multiple bases as to why the Complaint should be dismissed for lack of subject matter jurisdiction (i.e., Plaintiffs had no knowledge of a barrier to access due to other auxiliary aids being available, Plaintiffs cannot show an "injury in fact", etc.), with mootness being one of them. Contrarily, the *Hecht* defendant relies solely upon a mootness argument. Moreover, unlike the *Hecht* defendant, Defendant herein meets the stringent showing required by the Supreme Court's mootness precedent that the Website is usable by screen reader users. *Diaz v. Kroger*, 18-cv-7953, 2019 WL 2357531, at *3 (S.D.N.Y. 2019). Indeed, Plaintiffs vaguely (and insufficiently) allege that they "browsed and attempted to transact business" on the Website but "[t]he access barriers Plaintiffs encountered have caused a denial of Plaintiffs' full and equal access in the past and now deter Plaintiffs from visiting the website presently and in the future." (Complaint, ¶¶4-5, 31). However, Defendant submitted a video to Chambers and Plaintiffs showing a totally blind

screen reader user successfully navigating the website.  (*See* Exhibit 1 to Exhibit C of Defendant's Motion).  Mr. Kingett's review rebuts the few specific allegations of inaccessibility alleged in the Complaint in that he could interact with and close out of a promotional pop-up on the screen to access the homepage of the Website, and that he can interact with the chat option and close it out to access the homepage.  (*Id.*; compare Complaint ¶29(a)).  Furthermore, as set forth in the Mr. Kingett's review, a blind screen reader user can learn about Defendant's business, find Defendant's contact information and Accessibility Statement, browse categories of products, and purchase a promotional product with a screen reader without any issue.  (*Id.*).

As to the Declaration of Plaintiffs' expert, it only provides is that he "determined that such Website contains fixable communication barriers affecting the use of such Website by blind or other visually impaired persons[.]"  (Ex. 4 to Response).  The report attached to the Declaration of Plaintiffs' expert is also not dispositive that the Website fails to provide "effective communication" per 28 C.F.R. § 36.303.  A majority of Plaintiffs' expert report contends the expert found issues with keyboard control, headings or label structure that would confuse screen reader users. However, Mr. Kingett, who is totally blind, had no issue navigating through any part of the Website.  Plaintiffs' expert report also does not show that he tried to learn about a product but could not, or could not go through and complete the purchase process.  This alone should be insufficient that the claims made in the Complaint are not moot.  Even if Plaintiffs' expert contends that the "Website contains fixable communication barriers", overall it is clear that the Website provides "effective communication" as evidenced by Mr. Kingett's successful review of the Website.  There is no likelihood based on Defendant's representations that Plaintiffs will not be able to review products, order product, or find the contact information for Defendant in the future.

Importantly, neither the vague and conclusory allegations in the Complaint nor their expert's declaration leads to any viable argument that Plaintiffs have any other reason to visit the Website in the future.  Plaintiffs do not dispute – either in the Complaint or their expert's declaration – (and the video of Robert Kingett shows) that Plaintiffs could have made a purchase on the Website, learned about the various promotional products that Defendants sell, learned about the contact information and much more on the Website.

## CONCLUSION

WHEREFORE, the Defendants, Second Story Promotions, Inc., respectfully requests that this Court enter an Order granting Defendant's motion and dismissing Plaintiffs, Dominick Martin and John Panarese's Complaint with prejudice, and providing any further relief deemed appropriate.

Dated: March 30, 2023                    Respectfully submitted,


_____
Adi Kanlic (Admitted *Pro Hac Vice*)
O'HAGAN MEYER, LLC
One East Wacker Drive
Suite 3400
Chicago, IL 60601
Ph: 312-422-6100
Fx: 312-422-6110
akanlic@ohaganmeyer.com
Attorney for Defendant, Second Story Promotions, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 30, 2023, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system:

CLARK LAW FIRM, PC
Gerald H. Clark, Esq.
fedada@clarklawnj.com
811 Sixteenth Avenue
Belmar, New Jersey 07719
Phone: (732) 443-0333
Fax (732) 894-9647

Pacific Trial Attorneys
4100 Newport Place, Suite 800
Newport Beach, California 92660

*Attorneys for Plaintiffs*

/s/ Adi Kanlic
Adi Kanlic, ARDC No. 6320888
O'Hagan Meyer LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois  60601
312.422.6100 –T
312.422.6110 – F
akanlic@ohaganmeyer.com