UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
DOMINICK MARTIN and JOHN PANARESE,

                              Plaintiffs,

           -against-

SECOND STORY PROMOTIONS, INC.,

                              Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/26/2024

1:22-cv-10438 (MKV)

**OPINION AND ORDER GRANTING MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiffs Dominick Martin ("Martin") and John Panarese ("Panarese") (together, "Plaintiffs") bring this action against Defendant Second Story Promotions, Inc. ("Defendant") alleging that Defendant failed to make its website, which sells promotional products and related products, fully accessible to blind and visually impaired people in violation of the Americans with Disabilities Act ("ADA") and the New York State Human Rights Law ("NYSHRL"). Defendant moves to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the following reasons, the motion to dismiss is GRANTED.

## BACKGROUND[1]

Plaintiffs are visually impaired and legally blind persons who use screen-reading software to access the Internet. Compl. ¶¶ 3, 14–15, 19, 25. Plaintiffs are also self-described "testers," or "individuals with disabilities who visit places of public accommodation to determine their compliance with Title III [of the ADA]." Compl. ¶ 16 (internal quotation marks omitted) (quoting *Harty v. Burlington Coat Factory of Pennsylvania, L.L.C.*, No. CIV.A. 11-01923, 2011 WL

---

[1] This Opinion draws its facts from the Complaint [ECF No. 1 ("Compl.")], the factual allegations of which are accepted as true for purposes of resolving this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2415169, at *1 n.5 (E.D. Pa. June 16, 2011)). As testers, "Plaintiffs have filed multiple lawsuits against various operators of commercial websites." Compl. ¶ 16.

Defendant is an online retailer that sells promotional products and related products on its website, secondstorypromotions.com (the "Website"). Compl. ¶¶ 4–5, 23. In June 2022, Martin visited the Website allegedly for the purpose of "purchas[ing] products, goods, and/or services" and encountered accessibility issues including "[r]edundant information at the top of the pages of the [W]ebsite, with no jump to navigation and/or main content button(s)"; "[r]edundant links"; "[l]inks that are titled differently, located on the same page, and lead to the same place on the [W]ebsite"; and "[i]mproperly labeled headings on multiple pages of the Website." Compl. ¶ 4; *see also* Compl. ¶¶ 25–26. In October 2022, Panarese visited the Website allegedly for the purpose of "purchas[ing] products, goods, and/or services" and encountered accessibility issues including "[a] web dialog for the chat option and a promotional offer that takes the focus of the screen reader and prevents access to other items on the homepage" and "[u]nlabeled links on the homepage and subsequent pages." Compl. ¶ 5; *see also* Compl. ¶¶ 28–29. Plaintiffs allege that the accessibility issues they faced are still found on the Website as of the filing of the Complaint. Compl. ¶ 6. Plaintiffs were "highly interested in purchasing the products offered by Defendant" and "intend[] to return to the [W]ebsite in order to transact business there as soon as the accessibility barriers are cured." Compl. ¶¶ 27, 30; *see also* Compl. ¶ 6 (Plaintiffs "still intend to purchase certain goods and/or services from [the Website] in the future, but currently cannot.").

## PROCEDURAL HISTORY

Plaintiffs initiated this action by filing the Complaint, asserting claims for (1) violations of the ADA; (2) violations of the NYSHRL; and (3) declaratory relief. Compl. ¶¶ 35–60. Defendant filed a pre-motion letter, contending that the action should be dismissed for lack of standing. [ECF No. 8]. Plaintiffs did not respond, and following the Court's scheduling order on Defendant's

contemplated motion to dismiss [ECF No. 10], Plaintiffs informed the Court and Defendant that they did not intend to file an amended complaint [ECF No. 11]. Defendant then moved to dismiss the Complaint for lack of standing [ECF No. 14], filing a memorandum of law in support [ECF No. 15 ("Def. Mem.")]. Plaintiffs filed an opposition. [ECF No. 16 ("Pl. Opp.")]. Defendant replied. [ECF No. 17].

## **LEGAL STANDARD**

An action is properly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction "if the court 'lacks the statutory or constitutional power to adjudicate it,' such as when . . . the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l*, 790 F.3d 411, 416–17 (2d Cir. 2015) (citation omitted) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). To survive a Rule 12(b)(1) motion, Plaintiffs must "allege facts that affirmatively and plausibly suggest that [they] ha[ve] standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011); *see also Cortlandt St.*, 790 F.3d at 417 ("The plaintiff bears the burden of alleging facts that affirmatively and plausibly suggest that it has standing to sue." (cleaned up)).

In considering the motion, the Court "accept[s] as true all material allegations of the complaint and . . . construe[s] the complaint in favor of [Plaintiffs]." *Cortlandt St.*, 790 F.3d at 417 (internal quotation marks omitted) (quoting *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008)). However, the Court "need not credit 'a legal conclusion couched as a factual allegation' or a 'naked assertion devoid of further factual enhancement.'" *Calcano v. Swarovski N. America Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022) (quoting *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009)).  In assessing standing, the Court may also rely on evidence outside of the Complaint.  *See Makarova*, 201 F.3d at 113.

## DISCUSSION

### I.  Plaintiffs Lack Standing to Assert an ADA Claim

Defendant contends that Plaintiffs lack Article III standing.  Def. Mem. 10–22.  To establish standing, Plaintiffs must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of [Defendant], and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  An injury in fact must be "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Id.* at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

Defendant argues that Plaintiffs have failed to plead injury in fact.  Def. Mem. 20–22.  In the ADA context, the Second Circuit has "found standing (and therefore an injury in fact) where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer . . . that plaintiff intended to return to the subject location."  *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013).  In the digital context, a plaintiff satisfies the injury in fact requirement by asserting "non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website."  *Loadholt v. Dungarees, Inc.*, No. 22-CV-4699, 2023 WL 2024792, at *2 (S.D.N.Y. Feb. 15, 2023) (citing *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022)).  Although "[t]he law is clear that

4

[ADA] testers *can* have standing, . . . even testers have to show that they have suffered an Article III injury in fact." *Harty*, 28 F.4th at 444 n.3 (emphasis added).

The Complaint is devoid of the required non-conclusory and particularized allegations regarding Plaintiffs' interest in the products or services available on the Website and Plaintiffs' intent to return to the Website in the future. Although Plaintiffs generically allege that they made "visits" to the Website, Compl. ¶¶ 25, 28, they detail only one visit each to the Website, *see* Compl. ¶¶ 4, 5, 25, 28. Moreover, Plaintiffs allege no facts whatsoever regarding how they learned of the Website, what piqued their interest in the Website, any particular products they viewed or were interested in viewing or purchasing, whether they searched for comparable products elsewhere, or why Defendant's products or Website are preferable over comparable products or websites. *See Calcano*, 36 F.4th at 76–77 (explaining that complaint did not nudge claims "across the line from conceivable to plausible" where plaintiffs "fail[ed] to provide any details about their past visits" such as "which stores they visited or what items they purchased" (emphasis omitted) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 680)); *Loadholt*, 2023 WL 2024792, at *3 (dismissing complaint where plaintiff did "not allege the genesis for his sudden need or want for 'belts' and 'jackets,' or that [defendant] is the only retailer that sells the particular belts and jackets he wants, or that he has searched for comparable belts and jackets but has been unable to find them at a comparable price point"); *see also Jaquez v. Aqua Carpatica USA, Inc.*, No. 20 CV 8487 (ALC), 2021 WL 3727094, at *4 (S.D.N.Y. Aug. 20, 2021) ("It is not sufficient to claim that [plaintiff] suffered an injury in fact by casually going on the website with the intent of browsing and potentially purchasing a product without identifying the product that [plaintiff] was prevented from purchasing."); *Guglielmo v. Nebraska Furniture Mart, Inc.*, No. 19 CIV. 11197 (KPF), 2020 WL 7480619, at *4 (S.D.N.Y. Dec. 18, 2020) (finding that plaintiff lacked standing in part because he did "not identify the goods that he intended to purchase on any of his visits to the Website").

Plaintiffs' assertions, "devoid of further factual enhancement," are insufficient to allege standing. *Iqbal*, 556 U.S. at 678 (cleaned up). In addition, Plaintiffs' threadbare allegations that they "intend[] to return to the [W]ebsite in order to transact business there as soon as the accessibility barriers are cured," Compl. ¶¶ 27, 30, are "vague, lacking in support, and do not plausibly establish that [Plaintiffs] 'intend[] to return'" to the Website. *Calcano*, 36 F.4th at 76 (quoting *Kreisler*, 731 F.3d at 188).

The broader context in which Plaintiffs have prosecuted this action—and others—further undermines their assertions of claimed injury in fact. *See Calcano*, 36 F.4th at 77. The same day Plaintiffs filed the Complaint in the present case, Panarese, together with other co-plaintiffs and represented by the same counsel, initiated nine other ADA website actions in this District. *See* NYSD ECF, https://nysd-ecf.sso.dcn/cgi-bin/iquery.pl (search for "John Panarese") (last visited Feb. 26, 2024). In each of those actions, Panarese filed "carbon-copy complaints" using largely "identical language to state the same conclusory allegations" regarding his interest in the defendants' websites and products and his intent to return. *Calcano*, 36 F.4th at 77. Each complaint alleges that Panarese accessed the defendant's website to purchase or obtain information about the defendant's "products, goods, and/or services," and that plaintiffs "still intend to purchase certain goods and/or services" from the website in the future. *See, e.g.*, *Panarese et al. v. Berry Global, Inc.*, No. 22-cv-10420, Compl. ¶¶ 5–6 (S.D.N.Y. Dec. 9, 2022), ECF No. 2; *Thruston et al. v. Bric's USA, Inc.*, No. 22-cv-10424, Compl. ¶¶ 5–6 (S.D.N.Y. Dec. 9, 2022), ECF No. 1; *Rendon et al. v. Complex Media, Inc.*, No. 22-cv-10426, Compl. ¶¶ 5–6 (S.D.N.Y. Dec. 9, 2022), ECF No. 1; *Licea et al. v. Consensus Cloud Solutions, Inc. et al.*, No. 22-cv-10427, Compl. ¶¶ 5–6 (S.D.N.Y. Dec. 9, 2022), ECF No. 1; *Rendon et al. v. Extreme Networks, Inc.*, No. 22-cv-10428, Compl. ¶¶ 5–6 (S.D.N.Y. Dec. 9, 2022), ECF No. 1; *Rendon et al. v. Milla and Ella Co., LLC*, No. 22-cv-10430, Compl. ¶¶ 5–6 (S.D.N.Y. Dec. 9, 2022), ECF No. 1; *Licea et al. v. NEO4J,*

*Inc.*, No. 22-cv-10434, Compl. ¶¶ 5–6 (S.D.N.Y. Dec. 9, 2022), ECF No. 1; *Mejico et al. v. Pepper Palace Inc.*, No. 22-cv-10436, Compl. ¶¶ 5–6 (S.D.N.Y. Dec. 9, 2022), ECF No. 1; *Rendon et al. v. Ramy Brook, LLC*, No. 22-cv-10437, Compl. ¶¶ 5–6 (S.D.N.Y. Dec. 9, 2022), ECF No. 1.[2] Such "Mad-Libs-style complaints . . . confirm[] the implausibility of [Plaintiffs'] claims of injury." *Calcano*, 36 F.4th at 77; *see also Laufer v. Dove Hess Holdings, LLC*, No. 20-CV-379, 2020 WL 7974268, at *11 (N.D.N.Y. Nov. 18, 2020) ("[W]here a tester plaintiff discovers and is offended by ADA violations on a website, but that website has no actual, specific relevance to that particular plaintiff beyond the plaintiff's desire to seek out and remedy ADA violations, no concrete and particularized injury has been alleged.").[3]

Because Plaintiffs provide no factual support for their conclusory claims, they have "failed to establish a 'real and immediate threat of repeated injury.'" *Calcano*, 36 F.4th at 78 (quoting

---

[2] The Court may take judicial notice of the other actions commenced by Plaintiffs and their counsel. *See Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A Court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (internal quotation marks omitted)).

[3] Plaintiffs cite several ADA website cases in which courts in this District have found that plaintiffs sufficiently alleged standing. *See* Pl. Opp. 8–9. Many of these cases predate the Second Circuit's ruling in *Calcano v. Swarovski North America Ltd.*, 36 F.4th 68 (2d Cir. 2022), and therefore do not aid Plaintiffs. *See, e.g.*, *Camacho v. Vanderbilt Univ.*, No. 18-CV-10694, 2019 WL 6528974 (S.D.N.Y. Dec. 4, 2019); *Quezada v. U.S. Wings, Inc.*, No. 20 CIV. 10707 (ER), 2021 WL 5827437 (S.D.N.Y. Dec. 7, 2021); *Sanchez v. NutCo, Inc.*, No. 20-CV-10107 (JPO), 2022 WL 846896 (S.D.N.Y. Mar. 22, 2022). Others are distinguishable. For example, in *Slade v. Life Spectacular, Inc.*, the court found that the plaintiff's allegations regarding her intent to return to the defendant's website were sufficiently pleaded because she alleged that she "maintain[ed] a strong desire to purchase the customized skincare products offered by Defendant and to get her specific formula based on her skin, life, and environment" via a unique quiz that was not offered on comparable retailers' websites. No. 22-CV-0037 (ALC), 2022 WL 17542029, at *3 (S.D.N.Y. Dec. 5, 2022) (internal quotation marks omitted). Here, Plaintiffs offer no allegations regarding their particular interest in Defendant's products or services, or even what products or services are offered. Likewise, in *Loadholt v. Shirtspace*, the plaintiff identified a *specific* t-shirt that he attempted to purchase and intended to purchase upon his return to the defendant's website should the alleged accessibility barriers be remedied. No. 22-CV-02870 (ALC), 2023 WL 2368972, at *2–*3 (S.D.N.Y. Mar. 6, 2023).

*Kreisler*, 731 F.3d at 187). Accordingly, the Court dismisses Plaintiffs' ADA claim for lack of standing.[4]

## II.     The Court Dismisses Plaintiffs' Remaining Claims

Plaintiffs' NYSHRL claim is governed by the same standing requirements as their ADA claim. *Mendez v. Apple Inc.*, No. 18-CV-7550, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019); *see Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 117 n.1 (2d Cir. 2004). Because the Court concludes that Plaintiffs lack standing under the ADA, the Court also dismisses Plaintiffs' NYSHRL claim for lack of standing.

The Court also dismisses Plaintiffs' third cause of action for "Declaratory Relief" because "a request for relief in the form of a declaratory judgment does not by itself establish a case or controversy involving an adjudication of rights." *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993); *see also Cisco Sys., Inc. v. Synamedia Ltd.*, 557 F. Supp. 3d 464, 474 (S.D.N.Y. 2021) ("A request for relief in the form of a declaratory judgment does not constitute an independent cause of action.").

## III.    The Court Denies Plaintiffs Leave to Amend

When a complaint is dismissed for lack of standing, courts generally grant a plaintiff leave to file an amended complaint. *See Dominguez v. Grand Lux Cafe LLC*, No. 19-CV-10345, 2020 WL 3440788, at *4 (S.D.N.Y. June 22, 2020). Courts are instructed to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P 15(a)(2). But justice does not so require here. The Court granted Plaintiffs the opportunity to amend their Complaint in response to Defendant's pre-motion letter, which argued that Plaintiffs lacked standing, including because they failed to allege injury in fact. [*See* ECF Nos. 8, 10]. Plaintiffs expressly declined to amend. [*See* ECF No.

---

[4] Because the Court holds that Plaintiffs lack standing due to their failure to plead injury in fact, the Court does not address Defendant's remaining arguments. *See* Def. Mem. 10–20.

11]. Moreover, Plaintiffs "ha[ve] not identified any proposed amendments that would cure [their] pleading and confer standing." *Dominguez*, 2020 WL 3440788, at *4. Accordingly, the Court declines to grant Plaintiffs leave to amend.

## **CONCLUSION**

For the foregoing reasons, the motion to dismiss is GRANTED. Plaintiffs' Complaint is dismissed with prejudice. The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 14 and to close the case.

**SO ORDERED.**

Date: **February 26, 2024**       **MARY KAY VYSKOCIL**
   **New York, NY**              **United States District Judge**